IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TOMAS LEMUS AMAYA<br>c/o 519 H Street NW<br>Washington, DC 20001<br><br>        Plaintiff,<br><br>v.<br><br>LOGO ENTERPRISES, LLC<br>d/b/a Pollo Granjero<br>1742 Columbia Road NW<br>Washington, DC 20009<br><br>JUAN LOYOLA<br>2300 Pimmit Drive, Apt. 416<br>Falls Church, VA 22043<br><br>        Defendants. | Civil Action No. _____ |

## COMPLAINT

### Introduction

1.  Defendants own and operate a restaurant in Washington, DC. Plaintiff worked at Defendants' restaurant primarily as a kitchen hand. Defendants failed to pay Plaintiff all of the minimum and overtime wages Plaintiff was due.

2.  Plaintiff brings this action to recover damages for Defendants' willful failure to pay minimum and overtime wages, in violation of: the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

## Jurisdiction and Venue

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) because one or more Defendants reside in this district, and a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this district.

## Parties

5. Plaintiff is an adult resident of the District of Columbia.

6. Defendant Logo Enterprises, LLC is a District of Columbia Limited Liability Company. It does business as "Pollo Granjero." Its primary business is 1742 Columbia Road NW, Washington, DC 20009. Its resident agent is National Registered Agents, Inc., 1015 15th Street NW, Suite 1000, Washington, DC 20005.

7. Defendant Juan Loyola is an adult resident of Virginia. He resides at 2300 Pimmit Drive, Falls Church, VA 22043. He is the owner of Logo Enterprises, LLC, and he exercises exclusive control over its operations and pay practices.

## Factual Allegations

8. Defendants own and operate "Pollo Granjero," located at 1742 Columbia Road NW, Washington, DC 20009.

9. Defendants employed Plaintiff starting in approximately 2009.

10. Defendants employed Plaintiff until approximately October 21, 2015.

11. Defendants employed Plaintiff as a kitchen hand. Plaintiff's duties included cleaning and cooking.

2

12.     From approximately January 1, 2013 through approximately October 21, 2015, Plaintiff's typical schedule was as follows:

| Monday    | 8:30 a.m. – 10:00 p.m. | Break: None | 13.5 Hours Worked |
| Tuesday   | 8:30 a.m. – 10:00 p.m. | Break: None | 13.5 Hours Worked |
| Wednesday | OFF |||
| Thursday  | 8:30 a.m. – 10:00 p.m. | Break: None | 13.5 Hours Worked |
| Friday    | 8:30 a.m. – 10:00 p.m. | Break: None | 13.5 Hours Worked |
| Saturday  | 8:30 a.m. – 10:00 p.m. | Break: None | 13.5 Hours Worked |
| Sunday    | 8:30 a.m. – 10:00 p.m. | Break: None | 13.5 Hours Worked |
|           |                        |             | **Total: 81.0 Hours Worked** |

13.     However, Plaintiff typically entered work early, at approximately 8:20 a.m., in order to complete his assigned tasks. And Plaintiff typically left work late, at approximately 10:10 p.m., in order to complete his assigned tasks.

14.     Throughout his employment, Plaintiff typically worked 83 hours a workweek.

15.     Throughout his employment, Plaintiff typically worked 43 hours of overtime a workweek.

16.     From approximately January 1, 2013 through approximately October 21, 2015, Plaintiff worked at least 6,278 hours of overtime for Defendants.

17.     Defendants paid Plaintiff approximately as follows:

| Approximate Dates | Approximate Semimonthly Salary | Effective Hourly Rate |
|---|---|---|
| Jan. 1, 2013 – Aug. 31, 2015 | $800.00 | $4.56 |
| Sept. 1, 2015 – Oct. 21, 2015 | $900.00 | $5.13 |

18.     At all relevant times, federal and District of Columbia law required Defendants to pay Plaintiff one and one-half times Plaintiff's hourly rate for all hours worked over 40 in any one workweek.

19.     At all relevant times, federal law required Defendants to pay a minimum wage of $7.25 per hour.

20.     The District of Columbia's minimum wage was $8.25 per hour from July 24, 2009 until June 30, 2014, $9.50 per hour from July 1, 2014 through June 30, 2015, and $10.50 per hour from July 1, 2015 through the present.

21.     Defendants owe Plaintiff approximately **$82,198.50** in unpaid minimum and overtime wages for his work between January 1, 2013 and October 21, 2015.

22.     At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

23.     At all relevant times, Defendants had two or more employees who handled goods and/or materials that had travelled in or been produced for interstate commerce.

24.     At all relevant times, Defendants had the power to fire Plaintiff.

25.     At all relevant times, Defendants had the power to control Plaintiff's work schedule.

26.     At all relevant times, Defendants had the power to set Plaintiff's rate of pay.

27.     At all relevant times, Defendants did not maintain true and accurate records of each hour, day, and week worked by Plaintiff, or of how much Plaintiff was paid for his work, as required by 29 C.F.R. § 516 and D.C. Code § 32-1008. Accordingly, the exact amount of hours worked by and wages owed to Plaintiff will only be known through discovery.

28. Defendants intentionally did not provide Plaintiff with statements that itemized the actual number of hours worked and the amounts paid per hour, as required by D.C. Code § 32-1008 (b).

29. Defendants intentionally did not provide Plaintiff with statements that itemized the actual number of hours worked and the amounts paid per hour, in order to conceal Plaintiff's actual number of hours worked and his hourly rate.

30. Defendants failed to provide Plaintiff with notice of Plaintiff's employer's name, address, telephone number, the employee's rate of pay, and the employer's regular payday, as required by D.C. Code § 32-1008 (c).

31. Defendants intentionally did not post the notice of District of Columbia wage law required by D.C. Code § 32-1009.

32. Defendants did not provide Plaintiff with actual or constructive notice of his employee rights, within the meaning of D.C. Code § 32-1308(c)(2)(b).

33. At all relevant times, Defendants were aware that they were legally required to pay Plaintiff one and one-half times his regular rate for all hours worked in excess of 40 hours in any one workweek.

34. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiff all wages legally due to Plaintiff.

## COUNT I
### FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

35. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

36. Defendants were "employers" of Plaintiff within the meaning of the FLSA, 29 U.S.C. § 203(d).

37. The FLSA requires that employers pay non-exempt employees a minimum wage equal to an amount set by Congress. 29 U.S.C. § 206(a)(1).

38. The FLSA permits states to set a minimum wage higher than that provided for by the FLSA. 29 U.S.C. § 218.

39. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

40. Defendants violated the FLSA by knowingly failing to pay Plaintiff the required minimum wage.

41. Defendants violated the FLSA by knowingly failing to pay Plaintiff at least one and one-half times his regular rate for hours worked in excess of 40 hours in any one workweek.

42. Defendants' violations of the FLSA were willful.

43. For their violations of the FLSA, Defendants are liable to Plaintiff for unpaid minimum and overtime wages earned since January 1, 2013, an equal amount as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II
### FAILURE TO PAY WAGES UNDER THE DCWPCL

44. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

45. Defendants were employers within the meaning of the DCWPCL, D.C. Code § 32-1301(1).

46. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

47. For purposes of the DCWPCL, "wages" include, among other things, minimum and overtime wages. D.C Code § 32-1301(3).

48. Defendants violated the DCWPCL by knowingly failing to pay Plaintiff all wages earned, including minimum and overtime wages.

49. Defendants' violations of the DCWPCL were willful.

50. Defendants' violations of the DCWPCL were "continuous" within the meaning of the DCWPCL, D.C. Code § 32-1308(c).

51. For their violations of the DCWPCL, Defendants are liable to Plaintiff for unpaid wages earned since January 1, 2013, an amount equal to three times the amount of unpaid wages as liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against all Defendants, jointly and severally, on all counts, and grant the following relief:

    a. Award Plaintiff **$313,128.00**, consisting of the following overlapping elements:

        i. unpaid federal minimum and overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

   ii.  unpaid wages earned, plus three times the amount of unpaid wages earned as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b. Award Plaintiff pre-judgment and post-judgment interest as permitted by law;

c. Award Plaintiff reasonable attorneys' fees and expenses incurred in the prosecution of this action;

d. Award Plaintiff court costs; and

e. Award any additional relief the Court deems just.

Date: January 5, 2016       Respectfully submitted,

                /s/ Justin Zelikovitz, Esq.
                Justin Zelikovitz, #986001
                LAW OFFICE OF JUSTIN ZELIKOVITZ, PLLC
                519 H Street NW
                Washington, DC 20001
                Phone: (202) 803-6083
                Fax: (202) 683-6102
                justin@dcwagelaw.com

                *Counsel for Plaintiff*